UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILFER ORLANDO B.C.,[1]

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07881-TLN-JDP

A # 204-289-653

**RELEASE ORDER**

This matter is before the Court on Petitioner Wilfer Orlando B.C.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.) Respondents are directed[2] to IMMEDIATELY RELEASE Petitioner.

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] In the habeas petition, Petitioner named the warden of Central Valley Annex Detention Facility as a respondent, where he was detained at the time. (ECF No. 1.) However, Petitioner submitted a notice of chance of address informing the Court that as of October 9, 2026, he is detained at California City Detention Facility. "[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). The Court therefore *sua sponte* adds the warden of California City Detention Facility as a respondent pursuant to Federal Rule of Civil Procedure 21.

## I. Factual and Procedural Background

Petitioner is a noncitizen who initially entered the United States on an unknown date without inspection or parole. (ECF No. 8 at 8.) He applied for and was granted deferred action for childhood arrivals ("DACA") status. (*Id.*) He left the United States on April 15, 2014, and re-entered on April 30, 2014, and was paroled into the country until May 1, 2014. (ECF No. 8 at 8.) His DACA status expired on November 5, 2014, was renewed on June 21, 2024, and expired again on June 19, 2026. (*Id.*)

Petitioner has been charged with several crimes during his time in the United States, but convicted of none. In 2008, he was charged with leaving the scene of an accident, but the charge was dismissed.[3] In 2022 he was charged with domestic assault and battery and intimidation of a witness, but that case was also dismissed. (*Id.*) In 2024, he was charged with a compulsory insurance violation, but that charge, too, was dismissed. (*Id.*)

On May 22, 2026, Petitioner was charged with negligent operation of a motor vehicle, malicious destruction of property, and assault and battery. (*Id.*) U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner at the Lynn District Court in Boston on July 13, 2026, after he was released by state authorities, and served him with a Notice to Appear in immigration court. (*Id.* at 7, 17–20.)

He was subsequently transferred to Central Valley Annex Detention Facility, and then to California City Detention Facility. (ECF No. 1 at 2; ECF No. 11.)

On September 25, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every

---

[3] The Department of Homeland Security's records state that "[t]his case is dismissed" but also state that "[t]he court gave a guilty charge, court cost paid $500." (ECF No. 8.) Respondents also submitted a copy of Petitioner's RAP sheet, but it does not contain any information regarding this offense. The Court, therefore, cannot determine from these documents whether Petitioner was in fact found guilty of the offense, and in the absence of evidence that he was, declines to treat DHS's contradictory statement as proof that he was.

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.[4] (ECF No. 1 at 14.) In opposition, Respondents contend Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)"). (ECF No. 8 at 1-2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there

---

[4] It appears that the habeas petition Petitioner filed only contains every even numbered page of the petition he intended to file and is missing pages three and four. (ECF No. 1.) However, it is clear that Petitioner intended to raise a due process challenge to his detention. (*See, e.g.*, *id.* at 14 ("Petitioner's detention without a pre-deprivation hearing violated due process.").) The Court construes the pro se pleading "liberally" and understands it to raise a Fifth Amendment due process challenge to Petitioner's detention. *See Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) ("[P]ro se pleadings must be construed liberally . . . .")

exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. Liberty Interest

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

Instead, Respondents' sole argument is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b) and has no due process rights beyond those provided by statute. (ECF No. 8.) Respondents' argument as to the applicability of § 1225(b) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).

The mandatory detention scheme of § 1225(b) applies only to noncitizens entering the United States at the border. *Id.* at 1172. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("§ 1226(a)"). *Id.* at 1165. Additionally, the government's decision to release Petitioner on parole and allow him to remain in the community for years created a powerful liberty interest. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

B. Procedures Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Most significantly, Petitioner has not been afforded the "initial bond hearing before a neutral decisionmaker" to which he is entitled by statute. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022).

While Respondents note Petitioner's arrest and pending criminal charges, they do not develop any meaningful argument that Petitioner is a danger to the public or a flight risk. Respondents also submit the Form I-213 issued by the Department of Homeland Security after Petitioner's detention by ICE, which references several criminal charges against Petitioner which were ultimately dismissed. (ECF No. 8 at 8.) To the extent Respondents rely on dismissed

charges or arrests which have not resulted in a conviction to justify Petitioner's detention this would raise significant due process concerns. *Cf. Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021 at *2 (E.D. Cal. Feb. 2, 2026) (applying canon of constitutional avoidance to interpret 8 U.S.C. § 1226(c) to apply only to currently charged offenses, and not those which have been dismissed or of which the petitioner has been acquitted). Accordingly, the risk that Petitioner is being detained without proper justification is exceedingly high. *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents articulate no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. The Clerk of Court is directed to add the warden of California City Detention Facility as a respondent in this case.

2. Respondents must IMMEDIATELY RELEASE Petitioner Wilfer Orlando B.C. A# 204-289-653 from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation

hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Application to Proceed In Forma Pauperis is GRANTED. (ECF No. 2.)

4. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

5. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

6. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

**DATED: October 22, 2026**

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE